# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ANTHONY TAYLOR | ) |
| Plaintiff, | ) |
| vs. | ) No. 05-4173-CV-W-FJG |
| LARRY CRAWFORD, et al., | ) |
| Defendants. | ) |

## ORDER

On May 1, 2006 the Court asked the parties to provide an outline of the discovery which they proposed to conduct. The Court has reviewed the Proposed Initial Discovery List and now issues the following order.

The Eighth Circuit in its April 27, 2006, Order stated that it was remanding the case for the limited purpose of permitting a continuation of the hearing held on January 30-31, 2006. The Court stated that "[w]hile we conclude that *some* further opportunity for discovery may be warranted, we leave all matters of what further discovery may be warranted to Judge Gaitan. . . " Taylor v. Crawford, No. 06-1397, 2006 WL 1098173, *4 (8th Cir. Apr. 27, 2006). In reviewing the proposed list of initial discovery it appears that plaintiff is attempting to begin discovery anew. The Court is not inclined to allow this. The Eighth Circuit remanded this case for a continuation of the previous hearing that was begun in January, not for an entirely new hearing. The Court will not allow plaintiff to recall witnesses who have already testified, unless there is new information which the witnesses have to offer that was not previously available.

With regard to the depositions requested, the Court will allow only a limited deposition of Mr. Crawford. The Court sees no need for any other depositions. As to the document requests, the Court will allow the following requests: 1) Any records or documents available which pertain to any of the last six executions carried out by the

State of Missouri.  This would include any execution logs, records, autopsy reports, test results and analyses of post-mortem/toxicology reports.  2) The State shall also provide information regarding what specialized training the physicians and nurses undergo who participate in administration of  the drugs and all documents pertaining to any fall back procedures regarding vein access and the three drug sequence.

      The parties shall be prepared to discuss with the Court during the 1:30 p.m. conference scheduled for May 2, 2006, a timetable to complete the discovery which the Court has allowed.  The parties should note that all discovery is subject to the time limitations imposed by the Eighth Circuit and must be completed within thirty days from the date of the Eighth Circuit's opinion.


Date: May 2, 2006  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge