IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ANTHONY TAYLOR | ) |
| Plaintiff, | ) |
| vs. | ) No. 05-4173-CV-W-FJG |
| LARRY CRAWFORD, et al., | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion for Reconsideration Pursuant to Fed.R.Civ.P. 60 (Doc. # 98).

## I. BACKGROUND

This case was remanded from the Eighth Circuit on April 27, 2006 for the limited purpose of permitting a continuation of the hearing held on January 30-31, 2006. The Court held a teleconference with the parties on May 1, 2006 to discuss the status of the case. The Court advised the parties that it would be helpful if they could provide to the Court an outline of the discovery which they wished to conduct. The Court notified the parties that another conference would be scheduled the following day. On May 2, 2006, plaintiff provided to the Court the requested discovery outline. The filing also indicated defendant's position with regard to each of the categories of discovery.

Plaintiff proposed the following: 1) a Rule 34 Inspection of the facility where Mr. Taylor will be executed; 2) Depositions of Larry Crawford (current head of Missouri Department of Corrections); Dr. Mark Dershwitz; Joe Doe No. 1 (who assists in executions); John Doe No. 2 (nurse who assists with executions); John Does 3-10; and a Rule 30(b)(6) deposition of the individual who chooses the execution procedure for each execution; 3) Twenty-seven different document requests (including sub-parts). Additionally, plaintiff also planned to submit to the defendants interrogatories and

requests for admission by Thursday May 4, 2006.

In advance of the teleconference, the Court issued an Order on May 2 which limited the discovery which plaintiff sought.  Plaintiff has now filed the instant Motion for Reconsideration of the Order limiting discovery.  Plaintiff in his Motion states that the Court should reconsider its prior Order because 1) it is inconsistent with the Eighth Circuit's opinion and 2) the discovery is highly relevant and so central to the merits of his case that denial of the discovery would violate due process.

## II. DISCUSSION

**A. Eighth Circuit's Opinion**

Plaintiff believes that he is entitled to present whatever witnesses and evidence might possibly be relevant to support his case.  He states that he is not asking for an entirely new hearing, but rather for the opportunity, to "expand or supplement the record" with any additional evidence that may shed light on the legal issues at hand.  Additionally, plaintiff states that the Eighth Circuit's opinion was extremely clear that additional discovery may be warranted and that this Court should use its discretion in deciding what discovery is open to the parties.  Plaintiff states that the Court did not exercise its discretion soundly by ruling on the scope of the discovery without allowing argument by the parties beforehand.

The State responds that the Court's Order is consistent with the Eighth Circuit's instructions on remand to permit "some further opportunity for discovery [as] may be warranted."  Taylor v. Crawford, No. 06-1397, 2006 WL 1098173, *4 (8th Cir. Apr. 27, 2006).  The State suggests that by establishing a thirty day time deadline for the completion of any discovery, the Eighth Circuit did not intend to grant plaintiff an unfettered opportunity to conduct whatever discovery he desired.

In reply, plaintiff states that he is not seeking to wipe out the discovery which has already been conducted, but is instead only seeking to add to the record.  Plaintiff also

states that he is not seeking to expand the thirty day time frame established by the Eighth Circuit. He argues that if the Eighth Circuit had not intended to allow any additional discovery, they could have ordered only a thirty day period to prepare for and conduct the hearing.

The Court in reviewing the requested discovery found it to be overly expansive. The parties must be mindful that this case was initially filed on June 3, 2005. Some discovery had taken place before the case was appealed to the Eighth Circuit. The Court was simply exercising its discretion in determining what discovery is relevant and can realistically be accomplished within the time frame established.

**B. Relevance of Discovery**

**1. Depositions of John Doe Defendants**

Secondly, plaintiff argues that several of his requests are extremely relevant to presenting his case. For example, plaintiff argues it is crucial that he be able to depose John Doe No. 1- the doctor who inserts the femoral catheter, as his argument is that this procedure is extremely risky, poses a serious risk of infection and violates the Eighth Amendment. Plaintiff argues it is important to depose this person to discover their qualifications and also to determine if they are a certified anesthesiologist trained to administer anesthetic depth. As alleged in his Complaint, plaintiff argues that if the first chemical is not administered correctly, it fails to anesthetize the inmate completely and he could suffer excruciating pain as a result of the other two chemicals. Additionally, plaintiff argues that depositions of the other medical personnel would also lead to crucial information, i.e. the person who mixes the chemicals and their qualifications, the person who actually pushes the plunger, and the identity of John Doe No. 4, the only person in the room during the actual execution.

The State argues that disclosure of the identity of these individuals would be inappropriate because of security concerns for the prison and for these individuals.

3

Plaintiff responds that it is critical to depose these individuals and that interrogatories are not sufficient, because it is crucial to be able to ask follow up questions. Plaintiff states that a Protective Order would more than adequately protect the security interests of the State. Additionally, plaintiff notes that it might be possible to conduct anonymous in person depositions, so as not to disclose the identity of these individuals.

The Court determines that plaintiff should first submit interrogatories to these individuals. If the responses received are not adequate to answer plaintiff's questions, plaintiff may seek leave from the Court to conduct anonymous depositions.

**2. Deposition of Dr. Dershwitz**

Plaintiff also argues that it is crucial to be able to depose Dr. Dershwitz, because the State's entire case rests on his accuracy and credibility. Plaintiff argues that his counsel did not have a proper opportunity to cross examine Dr. Dershwitz during the previous hearing in January. Plaintiff states that it is necessary that he be deposed because his scientific conclusions and graphs have never been publically challenged and his assumptions underlying this evidence are fatally flawed. Plaintiff also argues that it is essential that he receive any records of Missouri executions dating back to 1989, because these records may contradict Dr. Dershwitz's assertions that an inmate will stop breathing within one minute of the administration of thiopental and that death results within one minute of the administration of potassium chloride. Plaintiff argues that there are reasons to believe that Missouri execution records dating back to 1989 would disprove Dr. Dershwitz's assertions in this regard.

The State asserts that there is no reason to depose Dr. Dershwitz at this point in time, as he has already testified in the hearing and plaintiff had an opportunity to cross-examine him regarding his views. A deposition of Dr. Dershwitz would add nothing new to what is already in the record.

The Court agrees that there is no need to conduct a full deposition of Dr. Dershwitz at this point in time.  The Court would consider allowing a limited deposition of Dr. Dershwitz if plaintiff could demonstrate that there were some specific points which he was not allowed to cover in the previous hearing, or if for example, there are records which the State produces which he did not have an opportunity to cross-examine Dr. Dershwitz about earlier.  If plaintiff believes this to be the case, he may submit to the Court a list of questions which he would like to ask Dr. Dershwitz.  However, the Court will not allow a full deposition of Dr. Dershwitz addressing issues on which he previously testified.

### 3. Past Execution Records

Plaintiff also argues that it is necessary to allow him access to documents relating to Missouri executions dating back to 1989.  Plaintiff states these documents would show what changes which have been made in the lethal injection procedures over the years in order to determine what type of complications have arisen and whether the State has acted with the necessary level of care.  Plaintiff argues that his document requests are narrowly tailored to provide this critical information and seek documents pertaining to only 66 executions.  At the very least, he requests that the Court grant his request for documents dating back to January 1, 1995, as that is when the State stopped using the Leuchter machine for administering lethal injections.  Thus, he argues that the procedures from 1995 forward are relevant to the procedures currently employed by the State.

The State argues that documents going back more than the last six executions are of little or no relevance and are too remote in time to be of assistance to plaintiff in this case.  The State notes that plaintiff's argument is that the execution process is currently flawed, and what that process is will be fully reflected in the material from the last six executions.

5

Plaintiff argues that the State has previously acknowledged that executions from 2000 to the present are relevant and calculated to lead to the discovery of admissible evidence because revisions to the execution protocol regarding the lethal injection process have not been made since 2000.

The Court disagrees and finds that information relating to the last six executions is more than sufficient to provide the plaintiff with relevant data which is not too remote in time.

### III. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** plaintiff's Motion for Reconsideration (Doc. # 98).


Date:  May 5, 2006             **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
                               United States District Judge