# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ANTHONY TAYLOR | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 05-4173-CV-W-FJG |
| | ) |
| LARRY CRAWFORD, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

On May 17, 2006, plaintiff's counsel contacted the Court regarding the chemical dispensary logs which the State had produced. Plaintiff alleged that the logs showed that the State administered only 2.5 grams of thiopental to Marlin Gray and that only 2.5 grams of thiopental were prepared for plaintiff's execution, instead of the required 5 grams. Plaintiff states that because this evidence casts doubt on the State's representations that they have always used 5 grams, the discovery plan currently in place is inadequate. As a result, plaintiff has asked defendants to produce all documents pertaining to past executions involving John Doe No. 1, the physician who prepared the 2.5 gram dosage. Plaintiff also requested that the State produce John Doe No. 1 and his assistant, John Doe No. 2, the nurse who assists him for anonymous depositions without first having served interrogatories on these individuals. Finally, plaintiff requested that the State submit materials that it has redacted or believes to be non-responsive to the Court for an in camera review. The State refused these requests and plaintiff has requested a teleconference.

The State responds that 5.0 grams of thiopental are in fact used and the reference to 2.5 grams in the drug log is incorrect. The State indicates that the doctor and the nurse who prepared the drug have confirmed that 5 grams has been used in the last six executions and was prepared for plaintiff's stayed execution. Defendants state that they

are attempting to understand how this error occurred. However, they disagree with plaintiff's requests. Defendants state that records from all executions in which John Doe No. 1 has participated in, beyond the past six executions would have little or no relevance as to the manner in which executions currently take place. As to the requests for immediate depositions of the doctor and the nurse, defendants state that plaintiff can inquire through written interrogatories and that the answers will be the same regardless if they are in written or oral form. As to the in camera review, defendants state that such a review is unnecessary because defendants have responded to the requests in good faith. Defendant states that the discovery already approved by the Court is adequate and there is no reason to grant the additional discovery which plaintiff seeks.

The Court agrees and finds that no further discovery is necessitated by the discrepancy in the drug log. Plaintiff is free to submit interrogatories to the John Doe defendants to determine why this amount was listed. As previously indicated, if these interrogatory answers are inadequate, plaintiff may petition the Court to conduct anonymous depositions after reviewing the interrogatory answers. The Court also does not find it necessary for the State to produce all documents related to executions in which John Doe No. 1 has been involved. As the Court indicated in its earlier order, records of the past six executions, dating back to October 29, 2003 cover a sufficient period of time. Plaintiff has not shown how the production of additional records involving John Doe No. 1 would be relevant to his claims. The Court also not does believe that there is a need to conduct an in camera review of the redacted pages and/or missing pages from documents produced by the State. Plaintiff points to nothing which would indicate that the State has not completely complied or followed this Court's discovery orders.

Accordingly, plaintiff's request for additional discovery and for a telephone conference is hereby **DENIED**.

Date: May 18, 2006  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge