# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ANTHONY TAYLOR ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 05-4173-CV-C-FJG |
| ) | |
| LARRY CRAWFORD, et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Currently pending before the Court is plaintiff's Motion to Reconsider (Doc. # 160). Plaintiff asks the Court to reconsider the procedure which the Court proposed in its May 26, 2006 Order regarding the deposition of John Doe No. 1. Plaintiff's arguments fall into three categories: 1) The Court should not conduct the questioning of John Doe No. 1; 2) Plaintiff should not have been required to disclose all his questions in advance because this will allow John Doe No. 1 time to consider his answers in advance and also possibly allow for coaching by counsel; and 3) The questioning should not be limited to the three areas outlined by the Court.

Before addressing plaintiff's concerns, the Court notes that this case is not like a traditional civil case where the parties would have several months to pursue discovery. The Eighth Circuit gave the parties thirty days to conduct discovery and gave the Court thirty days to hold a hearing and issue an Order. This case was remanded in order that "some further discovery" could be conducted. However, the Eighth Circuit gave this Court discretion over what discovery would be allowed and how it would be conducted. The Court warned the parties at the outset, that discovery would be limited to only those witnesses and areas necessary to address the issues before the Court. The remand was not an open invitation for plaintiff's counsel to conduct a full scale investigation into Missouri's lethal injection protocol. During discovery, it has become apparent that there

have been deviations in the lethal injection protocol. This development justified the propounding of limited interrogatories to John Doe No. 1. After having reviewed the interrogatory responses, the Court felt that some additional questions were justified to clarify and further develop some very limited areas, which the Court outlined in its Order. The Court never intended to allow plaintiff to conduct a comprehensive deposition of John Doe No. 1, as it would have if this case were on a normal discovery schedule. That is why the Court asked plaintiff to submit the questions to the Court in advance, so that the Court could review the questions and determine whether they were beyond the scope of what the Court would allow. Plaintiff seems to believe that this procedure has somehow prejudiced him, because John Doe. No. 1 will have an opportunity to review the questions and consult with counsel in advance of his deposition. However, the Court does not find that this procedure unnecessarily prejudices him. If plaintiff's counsel truly believed that they were prejudiced by having to submit the questions in advance, they could have requested leave to submit the questions to the Court in camera.

The Court would like to clarify that during the deposition, plaintiff's counsel will be able to question John Doe. No. 1 during the deposition. However, as in a trial, the Court will also question the witness as necessary.

Finally, plaintiff argues that the deposition should not be limited to only the three areas outlined in the Court's Order. However, as discussed above, the Court feels that these are the areas which are the most significant and critical to the issues currently before the Court. Neither the Court nor the parties have the luxury of time to ask all the questions which in a normal case they might propound to the witness. Keep in mind, this case was filed almost a year ago, on June 3, 2005. Had discovery been as aggressive initially as it has been in the last thirty days, more time could have been given to these issues.

Accordingly, the Court hereby **DENIES** plaintiff's Motion to Reconsider. (Doc. # 160).

An anonymous deposition of John Doe No. 1 will take place on **Monday June 5, 2006** at **1:00 p.m.** in Kansas City, Missouri. John Doe No. 1 will be present at the Courthouse in Kansas City, Missouri. Each side will be permitted to have one attorney present at the deposition. The plaintiff will be given two hours to question John Doe No. 1 on the three subject areas previously discussed and covered within the list which was previously submitted to the Court by plaintiff. Counsel for the State will be given a reasonable time to question the witness, not to exceed that time allowed to plaintiff. Discovery has been extended to allow this deposition only. The deadline for the parties to submit their pre-trial briefs has been extended to **Thursday June 8, 2006**.


Date:  May 30, 2006  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge