# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL  DIVISION

MICHAEL ANTHONY TAYLOR )
                              )
               Plaintiff, )
vs.                              )      No. 05-4173-CV-C-FJG
                              )
LARRY CRAWFORD, et al.,         )
                              )
              Defendants. )

# ORDER

Currently pending before the Court is plaintiff's Motion to Reconsider Limitations on the Deposition of John Doe No. 1 (Doc. # 168). Plaintiff asks the Court to reconsider the following limitations which the Court has placed on the deposition of John Doe No. 1: 1) two hour time limitation to depose John Doe No.1; 2) allowing only one attorney to be present at the deposition and 3) limiting the questioning to only the three areas referenced by the Court.  The Court will address each of these areas in turn.

## 1. Time Limitation

Plaintiff states that Fed.R.Civ.P. 30(d)(2) unequivocally entitles all parties to depositions lasting seven hours.  Plaintiff argues that there is no good cause for the Court to curtail the deposition of John Doe No. 1 and there is no evidence in the record that plaintiff intends to harass John Doe No. 1 or has harassed any other party in this case.  Plaintiff also states that there has been no showing in this case that the parties have conducted themselves in a manner that would require the Court's supervision. The Court disagrees. Plaintiff's counsel has shown through its voluminous motions, letters and other correspondence to the Court that they are unable to restrain themselves.  Upon review of the proposed questions, this Court has determined that the issues plaintiff wishes to cover in the deposition can reasonably be asked in two hours. If during the deposition **the Court** finds that more than two hours is needed, additional

time may be allowed.  Plaintiff's counsel are also advised that they will only be allowed to cover on redirect examination, areas of inquiry which were raised by defendant on cross-examination.

### 2.  Limitation on Attorneys Who May Attend

Plaintiff also argues that the Court has no good cause to limit the number of attorneys who attend the deposition.  Plaintiff wishes to have two attorneys present, one who will depose the witness and a second attorney who would "second chair" the deposition.  The Court disagrees and finds that there is no reason to have multiple attorneys present during the deposition of this witness.  Counsel for plaintiff have obviously given a great deal of thought to the questions which they wish to ask this witness, and additionally a transcript will be available for any counsel who wish to review it.  In light of the security concerns present regarding this witness, the Court finds that limiting the number of people involved is a reasonable step to take.

### 3. Limitation on the Substantive Issues

Plaintiff's counsel also raise again their disagreement with the limitations on discovery which this Court has placed upon them. Plaintiff argues that the Eighth Circuit placed no substantive limitations on the issues which Plaintiff was entitled to explore or the evidence that he could collect.  Plaintiff is correct, the Eighth Circuit did not place any limitations, but rather left the question of what discovery and how much discovery should be allowed up to the discretion of this Court.  The Eighth Circuit stated: " we remand for the limited purpose of permitting a continuation of the hearing held on January 30-31, 2006, before Judge Gaitan. While we conclude that some further opportunity for discovery may be warranted, we leave all matters of what further discovery may be warranted to Judge Gaitan . . .." Taylor v. Crawford, No. 06-1397, 2006 WL 1098173, *4 (8th Cir. Apr. 27, 2006).  Plaintiff's counsel have continually treated this case as if it has just been filed.  While the Court recognizes that the current

2

counsel did not enter their appearance in the case until recently, the case has been on file for almost a year and this Court has already conducted a two day hearing in January of this year. Plaintiff's counsel are not entitled to turn back the clock and start at the beginning. This Court has done what the Eighth Circuit directed, and allowed the parties an opportunity to conduct some limited discovery on the issues which are central and critical to this case in the time which was allowed by the Court's Order. However, the Court will allow plaintiff to use his two hours to cover any of the questions previously submitted for its review, subject to appropriate objections.

Therefore, plaintiff's Motion to Reconsider the Limitations On the Deposition of John Doe No. 1 is hereby **GRANTED in part** and **DENIED in part**. (Doc. # 168).


Date: June 2, 2006                                    **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                                  Fernando J. Gaitan, Jr.
                                                       United States District Judge

3