IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| MICHAEL ANTHONY TAYLOR | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) No. 05-4173-CV-C-FJG |
| LARRY CRAWFORD, et al., | ) |
| Defendants. | ) |

# ORDER

On August 9, 2006, the Eighth Circuit remanded the above captioned case to this Court. In that Order the Eighth Circuit stated, "[s]ince Crawford has now proposed the revised protocol for use in the execution of Taylor's death sentence, the court remands jurisdiction of this dispute to the district court for consideration of this newly propounded protocol and all other issues now framed by the parties' pleadings and notices of appeal." (August 9, 2006 Order, p. 3). The Court has reviewed the protocol proposed by the State, as well as the plaintiff's objections and the state's reply to those objections.

**I. Revised Protocol**

First, this Court's June 26, 2006 Order (Doc. # 195) was premised on the stated intent of the State to continue using the three drug protocol. However, the Court found that the lack of a written protocol for the use of these three drugs, plus an inconsistent and arbitrary application of these drugs subjected condemned inmates to an unreasonable risk of cruel and unusual punishment. The Eighth Amendment provides that "cruel and unusual punishment" shall not be inflicted. It prohibits punishments that are "incompatible with 'the evolving standards of decency that mark the progress of a maturing society.'" Estelle v. Gamble 429 U.S. 97, 102, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976), (quoting Trop v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630

(1958)). As to executions, it prohibits "the unnecessary and wanton infliction of pain" as well as methods involving torture or a lingering death. See Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976).

While the State's revised protocol is an improvement over the previous procedures used by John Doe No. 1, it falls short of providing the critical Constitutional protections required. It was never the intention of this Court to prevent the State of Missouri from executing its death row inmates. Rather, the Court sought only to ensure that the State was meeting Constitutional standards. Those standards can be achieved in various ways. However, certain protocols suggested by the State fall short of those standards. If the State wants to continue using the three drug method of lethal injection, its proposal shall be modified as follows:

1. First, John Doe No. 1 shall not participate in any manner, at any level, in the State of Missouri's lethal injection process.

2. Second, while a board certified anesthesiologist is preferred, the Court hereby modifies its previous order (Doc. # 195, p. 14) to permit a physician with training in the application and administration of anesthesia to either mix the chemicals or to oversee the mixing of the chemicals for lethal injections.

3. Anesthetic Depth - The States' proposal is rejected in favor of that proposed by the Court. As noted in the Court's previous order, the State may have to purchase additional equipment in order to adequately monitor anesthetic depth. The method of monitoring anesthetic depth shall be determined after the State consults with the physician who is chosen to assist in the lethal injection process. The State has agreed to reposition the gurney on which the inmate is positioned, so that the inmate's face will be directly visible to the medical personnel.

4. Contingency Plan - The State's proposed contingency plan is acceptable.

5. Auditing Process - The "Sequence of Chemicals" form that verifies that the

drugs were given in the order specified in the protocol shall be signed by each staff member taking part in the protocol as soon as the inmate has been declared dead. The physician in charge of the lethal injection procedure will also complete and sign the chemical log.

      6. Any deviations from this written protocol shall be a matter of written record submitted to the appropriate state officials and subject to Court review. Said review may result in further modifications of the approved protocol.

      7. Obtaining Use of a Board Certified Anesthesiologist - this provision has been modified to allow a physician trained in the administration and application of anesthetic drugs to be involved. The State's proposed use of "medical personnel" is rejected to the extent they propose the use of paramedics and/or emergency medical technicians. However, the supervising physician previously referred to may employ medical personnel whom he or she believes are necessary to assist the physician.

      8. The State shall submit a revised protocol to the Court for review and approval on or before **October 27, 2006**. The State shall select a physician who is in good standing with their State's licensing board. The physician selected shall not have any disciplinary action taken against them by their State's licensing authority.

**II. Motion to Withdraw**

Also pending before the Court is a Motion to Withdraw and Motion for Appointment of Successor Counsel. This motion was filed in the Eighth Circuit, but was remanded to this Court on August 9, 2006. Mr. Simon moves to withdraw as counsel for plaintiff because he has accepted a position with the Missouri State Public Defender System. Co-counsel in plaintiff's habeas corpus and executive clemency representation, Mark Thornhill, will continue representing plaintiff in his clemency proceedings and Jenner & Block, LLP will continue to represent plaintiff in his lethal injection litigation. Plaintiff has filed an affidavit requesting that the Court appoint C.

3

Case 2:05-cv-04173-FJG   Document 213   Filed 09/12/06   Page 3 of 4

John Pleban, to succeed Mr. Simon in the habeas corpus and executive clemency litigation.  As plaintiff has adequate counsel which are continuing to represent him, the Court finds it unnecessary to appoint replacement counsel.  Accordingly, Mr. Simon's Motion to Withdraw is hereby **GRANTED** and the Motion to Appoint Replacement Counsel is hereby **DENIED**.


Date: September 12, 2006      **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri      Fernando J. Gaitan, Jr.
     United States District Judge