# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ANTHONY TAYLOR | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 05-4173-CV-C-FJG |
| | ) |
| LARRY CRAWFORD, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

On August 9, 2006, the Eighth Circuit remanded the above captioned case to this Court. In that Order the Eighth Circuit stated, "[s]ince Crawford has now proposed the revised protocol for use in the execution of Taylor's death sentence, the court remands jurisdiction of this dispute to the district court for consideration of this newly propounded protocol and all other issues now framed by the parties' pleadings and notices of appeal." (August 9, 2006 Order, p. 3). On September 12, 2006, the Court issued an Order stating that while the States' revised protocol was an improvement over the previous procedures used by John Doe No. 1, it still fell short of providing the critical Constitutional protections required. The Court then suggested several modifications which should be made to the proposed protocol. The State was given until October 27, 2006 to submit a revised protocol. On October 6, 2006 the State filed a response to the Court's Order stating that the "[d]efendants respectfully maintain that the protocol submitted by the Department of Corrections on July 14 does comply with the broad bounds of the Eighth Amendment. . . . Defendants respectfully disagree that they are constitutionally obligated to meet the additional criteria set out by the Court in the September 12 Order. The defendant Corrections officials resubmit the protocol they initially submitted on July 14, . . . and ask the Court to reconsider its conclusion that this protocol is not constitutionally sufficient. Whatever the Court's final conclusion,

defendants ask the Court to enter its judgment so that any appeals may proceed expeditiously." (State's Response, Doc. # 217). On October 12, 2006, plaintiff filed Suggestions in Opposition stating that the July 14 protocol does not come close to providing for effective assessment of anesthetic depth and also fails to correct the additional flaws in the State's lethal injection procedure identified by the Court. Plaintiff notes that the State has provided no grounds for the Court to reconsider it's September 12, 2006 Order.

The Court declines to reconsider its September 12, 2006 Order. As the Court noted, although the State's proposal was an improvement, there were still several areas which the Court finds do not meet Constitutional standards. The State's response does nothing to address these concerns and indicates its lack of willingness to even attempt to comply with the Court's order. Therefore, the Court hereby **DENIES** the State's Motion for Reconsideration (Doc. # 217) and restates is previous determination that the protocol proposed by the State of Missouri is unconstitutional because it subjects inmates to unreasonable risk of cruel and unusual punishment.

Date: October 16, 2006　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge